DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Andre Yeager, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of engaging in a pattern of corrupt activity and intimidation. This Court reverses and remands.
 I {¶ 2} In January and February of 2002, appellant and several co-defendants were indicted on numerous counts of breaking and entering, in violation of R.C. 2911.13(A); receiving stolen property, in violation of R.C. 2913.51(A); and engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A). Appellant pled not guilty to the counts as charged in the indictment, and the matter was set for trial.
 {¶ 3} After the prosecution rested its case, the trial court dismissed several counts of the indictment. On April 24, 2002, the jury found appellant guilty of breaking and entering, a felony in the fifth degree, as contained in counts five, nine, ten, and eleven of supplement two to the indictment. The jury also found appellant guilty of receiving stolen property, a felony of the fourth degree, as contained in count twenty-four of supplement five to the indictment. However, appellant was found not guilty of breaking and entering as contained in counts seven, eight, and twelve of supplement two to the indictment. The jury was deadlocked on the charges of breaking and entering and engaging in a pattern of corrupt activity, as contained in counts thirteen and sixteen, respectively, of supplement two to the indictment. The trial court then sentenced appellant to a definite term of twelve months imprisonment on each count of breaking and entering and a definite term of eighteen months imprisonment for one count of receiving stolen property. The trial court ordered the sentences to be served consecutively, yielding a total of five and one-half years imprisonment. Appellant appealed the trial court's decision to this Court and this Court affirmed the decision of the trial court. State v.Yeager, 9th Dist. Nos. 21091, 21112, and 21120, 2003-Ohio-1808, appeal denied (2004), 101 Ohio St.3d 1422, 2004-Ohio-123.
 {¶ 4} While appellant's direct appeal of his first trial was pending, a second trial was held on the charge of intimidation of a victim or witness, in violation of R.C. 2921.04(B), as contained in counts thirty and thirty-one of supplements six and seven to the indictment; and the charge of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), as contained in count sixteen of supplement two to the indictment. On March 12, 2003, the jury returned a verdict of guilty on all counts. Appellant was sentenced accordingly.
 {¶ 5} Appellant timely appealed his convictions of engaging in a pattern of corrupt activity and intimidation, setting forth nine assignments of error. In order to facilitate review, the assignments of error have been re-arranged.
 II FIRST ASSIGNMENT OF ERROR
"The trial court erred in failing to secure a valid waiver of the defendant's right to counsel and failed to properly advise him of his right to counsel, thereby denying him his right to counsel as guaranteed by the sixth amendment and his right to due process of law."
 {¶ 6} In his first assignment of error, appellant contends that the trial court deprived him of his constitutional right to counsel by accepting his waiver without ascertaining whether it was knowingly, intelligently, and voluntarily made. This Court agrees.
 {¶ 7} "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." State v. Gibson (1976),45 Ohio St.2d 366, paragraph one of the syllabus, citing Faretta v.California (1975), 422 U.S. 806, 45 L.Ed.2d 562. However, "[c]ourts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel." (Citations omitted.) Statev. Dyer (1996), 117 Ohio App.3d 92, 95. Accordingly, "a valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver." State v. Martin, 8th Dist. No. 80198, 2003-Ohio-1499, citing Dyer at 95. "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." Gibson, 45 Ohio St.2d at paragraph two of the syllabus.
 {¶ 8} In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, theGibson court applied the test set forth in Von Moltke v.Gillies (1948), 332 U.S. 708, 723, 92 L.Ed. 309:
"* * * To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."
 {¶ 9} Additionally, Crim.R. 44(C) requires that the trial court obtain a signed, written waiver by the defendant in "serious offense cases." A "serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Upon review, this Court could not find a consensus among the appellate districts as to whether Crim.R. 44(C) must be strictly complied with or if substantial compliance with the criteria set forth in Von Moltke is sufficient. Some appellate courts have held that the failure to secure a written waiver of the right to counsel is subject to a "substantial compliance" standard, and that, so long as the criteria announced in Von Moltke, are substantially met, a conviction need not be overturned in the absence of a showing of prejudice.[1] Other appellate courts, however, have held that strict compliance with Crim.R. 44(C) is necessary and the absence of a signed waiver in a serious offense case constitutes reversible error.[2] This Court will follow the strict compliance approach.
 {¶ 10} At a status conference on June 4, 2002, appellant advised the court on the record that he wished to represent himself. Appellant stated: "Yes. I waive my right to an attorney, intelligent, and I like to represent myself under the
Sixth Amendment." On June 14, 2002, a hearing was held regarding appellant's request to represent himself. The court granted appellant's request to represent himself, but appointed attorney Nicholas Swyrydenko as standby counsel to assist appellant. On February 3, 2003, appellant was arraigned on two counts of intimidation. After entering a plea of not guilty to both counts, appellant advised the court that he no longer wished to represent himself. Appellant made it known to the court that he would only accept one of two attorneys as his counsel. The court advised appellant that it would make every effort to contact the attorneys and inquire as to whether they were willing to take his case.
 {¶ 11} On March 4, 2003, the case proceeded to trial. Before the trial commenced, the court addressed appellant regarding his representation. The court advised appellant that neither of the two attorneys he requested were able to accept his case. The court then noted, as it had previously, that it did not believe that appellant's decision to represent himself was a wise choice, but that the court would proceed with the case.[3] Finally, the court explained Mr. Swyrydenko's role in the trial and advised appellant that he would be given the same respect as any other attorney, but also held to the same standards with regard to proper courtroom decorum and adherence to the rules of evidence.
 {¶ 12} In the present case, the trial court failed to engage in the necessary colloquy to ensure that appellant's waiver of counsel was knowingly, intelligently, and voluntarily made. At no time during the many conversations between the court and appellant regarding his representation, did the trial court inquire as to appellant's understanding of the charges against him and the possible penalties he faced. Additionally, the trial court neglected to adequately inform appellant of the perils of self-representation.
 {¶ 13} After reviewing appellant's "Motion To Proceed Pro Se Self-Representation" which was filed with the trial court on June 3, 2002, this Court is
 {¶ 14} reluctant to find that appellant's motion sufficiently complied with Crim.R. 44(C) to constitute a valid written waiver. In the motion, appellant merely stated that he wished to represent himself because he was not happy with his court-appointed counsel. Given that "[c]ourts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel[,]" the motion fails to strictly comply with Crim.R. 44(C). Dyer, 117 Ohio App.3d at 95.
 {¶ 15} Accordingly, appellant's first assignment of error is sustained.
 {¶ 16} Although this Court's disposition of appellant's first assignment of error renders moot the remaining assignments of error, "to the extent that they raise arguments regarding the sufficiency of the evidence they must be addressed, since a reversal on sufficiency grounds would bar retrial on the counts affected." State v. Suber, 154 Ohio App.3d 681, 2003-Ohio-5210, citing Tibbs v. Florida (1982), 457 U.S. 31, 72 L.Ed.2d 652. Therefore, this Court will address appellant's sufficiency argument which is presented in his ninth assignment of error.
 NINTH ASSIGNMENT OF ERROR
"The convictions of the trial court should be reversed because they are against the manifest weight of the evidence and because the evidence supporting them was insufficient as a matter of law to prove the conviction beyond a reasonable doubt in violation of the united states constitution."
 {¶ 17} In his ninth assignment of error, appellant argues that the State failed to present sufficient evidence to support his convictions of engaging in a pattern of corrupt activity and intimidation. Appellant also contends that his convictions are against the manifest weight of the evidence. As stated previously, this Court will only address appellant's sufficiency argument.
 {¶ 18} "The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations omitted.) State v. Leggett (Oct. 29, 1997), 9th Dist. No. 18303. This Court must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 19} Appellant was convicted of one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), which provides: "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."
 {¶ 20} At trial, sufficient evidence was presented to submit to the jury that appellant coordinated and participated in a series of breaking and enterings. Lamar McDuffy testified on behalf of the State. McDuffy testified about three breaking and enterings that occurred from December 22, 2001, through December 24, 2001. McDuffy testified that appellant recruited him to commit the breaking and enterings at various locations and paid him crack cocaine. Wilfredo Carabello also testified on behalf of the State. Carabello testified that he participated in a lot of break-ins with appellant. Carabello testified that appellant threatened him if he did not participate in the break-ins with him. Carabello further testified that appellant would go and pick out the location of the break-in, obtain a vehicle to transport them to the location, and pay him after the job was completed.
 {¶ 21} In addition, appellant was convicted of two counts of intimidation, a violation of R.C. 2921.04(B) which provides:
"No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
 {¶ 22} The State introduced into evidence two letters; one was sent to Demetrius Yeager, and one was sent to Wilfredo Carabello. Both of these gentlemen were scheduled to testify against appellant. The witnesses received these letters before appellant's first trial. The letters questioned why the witnesses were preparing to testify against appellant and contained threats against the witnesses. Mr. Caraballo testified that he felt threatened by the letter he received.
 {¶ 23} The State also presented the testimony of Detective Greg Johnson, a handwriting expert, who testified that the two letters contained unique characteristics that matched known samples of the appellant's writing. Detective Johnson further testified that, in his expert opinion, there was a better than fifty percent chance that appellant wrote the letters to Demetrius Yeager and Wilfredo Carabello.
 {¶ 24} This Court finds that sufficient evidence was presented to support appellant's one conviction of engaging in a pattern of corrupt activity and two convictions of intimidation. Appellant's ninth assignment of error is overruled with regard to the sufficiency argument.
 III. {¶ 25} Appellant's first assignment of error is sustained. Appellant's sufficiency argument is overruled. The remaining assignments of error are rendered moot by this Court's resolution of appellant's first assignment of error. App.R. 12(A)(1)(c). Because appellant's waiver of counsel was not knowingly, intelligently, and voluntarily made and failed to comply with Crim.R. 44(C), the case is remanded for a new trial. The judgment of the Summit County Court of Common Pleas is reversed and remanded.
Judgment reversed and cause remanded.
WHITMORE, J., concurs.
SLABY, J., dissents.
[1] State v. Longworth, 3rd Dist. Nos. 1-01-08, 1-01-51, 2001-Ohio-2295, citing State v. Fair (Sept. 17, 1996), 10th Dist. Nos. 96-APA01-93, and 96-APA01-94; State v. Overholt
(1991), 77 Ohio App.3d 111, 115.
[2] State v. Suber, 154 Ohio App.3d 681, 2003-Ohio-5210;State v. Martin, 8th Dist. No. 80198, 2003-Ohio-1499.
[3] This Court notes that we have found that while "`[t]he Constitution guarantees indigent defendants competent appointed counsel at trial and on direct appeal, it does not guarantee counsel of choice.'" State v. Edsall (1996),113 Ohio App.3d 337, quoting State v. Bryant (May 8, 1996), 9th Dist. No. 17618.