DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Brandon H. Ragle, appeals from a jury verdict of guilty, in the Akron Municipal Court, on the charge of underage consumption of alcohol in violation of R.C. 4301.69(E). We affirm.
 {¶ 2} Defendant and several of his friends were at the Stonehedge bowling alley in Akron, Ohio, when liquor agents Ray Robinson, Rita Raimir and Sean Clinehens entered the premises. These agents cited Defendant and his friends for underage consumption of alcohol in violation of R.C. 4301.69(E).
 {¶ 3} A pretrial was held before the trial court on April 6, 2004. At that time, Defendant informed the trial court that he wished to represent himself. The court advised him that the potential jail time was six months and the potential fine was $1,000.00. The court also urged Defendant not to represent himself and explained that if he could not afford counsel, counsel would be appointed for him at no cost. The court further advised Defendant that he would be mandated to follow the rules of evidence and explained the difference between a bench trial and a jury trial.
 {¶ 4} Before the trial on May 6, 2004, the trial court again explained to Defendant that counsel would be appointed for him if he could not afford a lawyer. The court reiterated the potential penalties and fines, stating that it was unlikely that Defendant, even if convicted, would receive the maximum penalty. Nevertheless, the trial court informed him that he would be penalized. The court also reminded Defendant that he would be bound by the rules of evidence. Defendant stated that he understood what the judge had explained and wished to represent himself.
 {¶ 5} The court then went into a fairly detailed explanation of trial procedure, including voir dire and jury selection, the prosecution's case and burden, opening and closing statements, Defendant's right to call witnesses, his right to cross-examine witnesses, and his right not to testify or put on any case at all. In addition, the court provided stand-by counsel to assist Defendant in any manner he desired. The court noted that stand-by counsel had already spoken with Defendant, and that Defendant still wished to represent himself. The court, with Defendant's approval, permitted stand-by counsel to remain in the courtroom gallery.
 {¶ 6} The matter then proceeded to trial before the jury. Defendant called witnesses, cross-examined the State's witnesses, and testified on his own behalf. He made both opening and closing statements. It is apparent from the record that Defendant defended himself vigorously. Although Defendant brought forth conflicting evidence as to whether he actually possessed or consumed alcohol, the jury found Defendant guilty of the charge of underage consumption of alcohol.
 {¶ 7} The court sentenced Defendant to 180 days in the Summit County Jail and suspended 177 days on condition that Defendant complete a 72-hour Oriana House program. Defendant was also ordered to pay court costs and complete 100 hours of community service. Defendant timely appealed his conviction and raises one assignment of error for our review.
 ASSIGNMENT OF ERROR
"[Defendant] was denied his right to counsel as guaranteed by the [Sixth] and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10, of the Ohio Constitution by proceeding to a jury trial without obtaining a valid waiver of counsel."
 {¶ 8} In his only assignment of error, Defendant contends that the trial court erred by failing to obtain a valid waiver of counsel. Specifically, Defendant argues that the court's inquiry regarding waiver of counsel failed to cover required topics including (1) whether Defendant understood the significance of the proceedings and the risks he undertook if he were unsuccessful, (2) whether he understood the nature of the charges, or the strengths or weaknesses of his case, (3) whether the court offered an explanation of any possible defenses or circumstances in mitigation, and (4) whether he understood all of his options. Defendant likewise asserts that the court did not explain the statutory offenses included within the pending charge. He claims he was eighteen years old, had no experience with the criminal law system, and had no legal experience. Under these circumstances, Defendant insists his constitutional right to counsel was violated. We disagree.
 {¶ 9} The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides criminal defendants with the fundamental right to counsel. See Gideon v.Wainwright (1963), 372 U.S. 335, 9 L.Ed.2d 799. A defendant, however, may waive this right where his waiver is made knowingly, voluntarily, and intelligently. State v. Gibson (1976), 45 Ohio St.2d 366, 377-378, citingFaretta v. California (1975), 422 U.S. 806, 45 L.Ed.2d 562. See, also, Crim.R. 44.
"In order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry [of the defendant] to determine whether the defendant fully understands and intelligently relinquishes that right." Gibson, 45 Ohio St.2d 366, at paragraph two of the syllabus. Substantial compliance with Crim.R. 44 waiver of counsel is sufficient in a petty offense case like the one at bar. State v.Ebersole (1995), 107 Ohio App.3d 288, 293.
 {¶ 10} In verifying that a defendant's waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should determine whether the defendant was advised of the dangers and disadvantages of self representation. See Gibson, 45 Ohio St.2d at 377. See, also,Faretta, 422 U.S. at 835; State v. Weiss (1993), 92 Ohio App.3d 681,686. The trial court should also consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances. See Gibson, 45 Ohio St.2d at 377, citing Von Moltke v. Gillies (1948), 332 U.S. 708, 724, 92 L.Ed. 309. A court may also consider various other factors, including the defendant's age, education, and legal experience. State v. Doane (1990),69 Ohio App.3d 638, 647.
 {¶ 11} Although Defendant insists that a trial court must consider the factors enumerated in Von Molkte, including whether the trial court advised the defendant of possible defenses and mitigating circumstances, this is incorrect. Gibson merely quotes the dicta from the plurality decision in Von Molkte to elucidate the defendant's arguments in that case. See Gibson, 45 Ohio St.2d at 377. The Ohio Supreme Court, however, did not specifically adopt those factors as determinative in decisions regarding waiver of the right to counsel. See id. In fact, the facts ofGibson reveal that the defendant in that case was not specifically advised of possible defenses or mitigating circumstances. See id. While the Ohio Supreme Court restated the same factors again in State v.Martin, 103 Ohio St.3d 385, 2004-Ohio-5471, at ¶ 40, a finding that the trial court must advise a defendant of defenses and mitigating circumstances, again, was unnecessary to the outcome of the case. Martin actually failed to unequivocally waive his right to counsel by consistently reiterating that he did not wish to serve as his own counsel. Id. at ¶ 42.
 {¶ 12} This Court, likewise, will not adopt a rule which requires a trial court judge to fully acquaint himself with the facts of a case prior to trial in order to undertake pseudo-legal representation of a defendant by specifically advising him of possible viable defenses or mitigating circumstances existing in his case. To the extent that this conflicts with former Ninth District precedent, we note that the prior precedent was in fact dicta, unnecessary to the outcome of those cases. See State v. Yeager, 9th Dist. No. 21510, 2004-Ohio-2368, at ¶ 12 (State conceded that defendant did not validly waive right to counsel); In reManns (Jan. 9, 2002), 9th Dist. No. 01CA007875, at fn.1 (no advisement of nature of offenses, penalties, or dangers of self-representation); In reSproule (Jan. 17, 2001), 9th Dist. Nos. 00CA007575 and 00CA007580, at 4 (no inquiry); Akron v. Hill (Jan. 10, 1996), 9th Dist. No. 17230, at 7 (no inquiry); Weiss, 92 Ohio App.3d 681 (no advisement of dangers of self representation); State v. Darrington (Nov. 21, 1979), 9th Dist. No. 871, at 4 (no inquiry). As such, this Court need only consider the totality of the circumstances, including whether Defendant understood the dangers of self-representation, the nature of the charges against him, and the allowable penalties for those charges, in determining whether Defendant validly waived his right to counsel. See Gibson,45 Ohio St.2d at 377.
 {¶ 13} In the instant case, Defendant admitted that he understood that he had the right to counsel. He further admitted that he understood that he would be bound by the same rules of evidence as attorneys if he opted to represent himself, and that the trial court advised him of the charges against him and the possible penalties for those charges. The record further indicates that the trial court cautioned Defendant regarding the dangers inherent in self representation, and even appointed stand-by counsel, who was present and available during the entire proceeding, in the event Defendant changed his mind. Although Defendant was eighteen years old at the time of the trial, the record is replete with evidence that he understood trial procedure. During the trial, Defendant vigorously defended himself. He made opening and closings statements, presented testimony on his own behalf, and cross-examined the State's witnesses.
 {¶ 14} After reviewing the record, this Court finds that Defendant validly waived his right to counsel. The trial court sufficiently explained the dangers of self-representation, the nature of the charge against Defendant, and the allowable penalties for that charge. The charge, underage drinking, was in no way complicated. Defendant understood that the court had appointed stand-by counsel, available to assist Defendant during the proceedings, yet he still opted to represent himself. Considering the totality of the circumstances, this Court finds that Defendant voluntarily, knowingly, and intelligently waived his right to counsel. We overrule Defendant's assignment of error.
 {¶ 15} For the foregoing reasons, this Court finds that Defendant has validly waived his right to counsel and affirm the judgment of the Akron Municipal Court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.

 LYNN C. SLABY
 FOR THE COURT

Batchelder, J. Concurs.