DECISION AND JOURNAL ENTRY
SLABY, PRESIDING JUDGE, ANNOUNCES THE DECISION OF THE COURT WITH RESPECT TO ASSIGNMENTS OF ERROR II-IX AND AN OPINION WITH RESPECT TO ASSIGNMENT OF ERROR I.
 {¶ 1} This cause is before this Court pursuant to remand by the Supreme Court of Ohio. The Supreme Court has vacated this Court's judgment in State v. Yeager, 9th Dist. No. 21510, 2004-Ohio-2368, and has remanded the case to this Court for further consideration in light ofState v. Martin, 103 Ohio St.3d 385, 2004-Ohio-5471. This Court affirms.
 I. {¶ 2} In January and February of 2002, appellant and several co-defendants were indicted on numerous counts of breaking and entering, in violation of R.C. 2911.13(A); receiving stolen property, in violation of R.C. 2913.51(A); and engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A). Appellant pled not guilty to the counts as charged in the indictment, and the matter was set for trial.
 {¶ 3} After the prosecution rested its case, the trial court dismissed several counts of the indictment. On April 24, 2002, the jury found appellant guilty of breaking and entering, a felony in the fifth degree, as contained in counts five, nine, ten, and eleven of supplement two to the indictment. The jury also found appellant guilty of receiving stolen property, a felony of the fourth degree, as contained in count twenty-four of supplement five to the indictment. However, appellant was found not guilty of breaking and entering as contained in counts seven, eight, and twelve of supplement two to the indictment. The jury was deadlocked on the charges of breaking and entering and engaging in a pattern of corrupt activity, as contained in counts thirteen and sixteen, respectively, of supplement two to the indictment. The trial court then sentenced appellant to a definite term of twelve months imprisonment on each count of breaking and entering and a definite term of eighteen months imprisonment for one count of receiving stolen property. The trial court ordered the sentences to be served consecutively, yielding a total of five and one-half years imprisonment. Appellant appealed the trial court's decision to this Court and this Court affirmed the decision of the trial court. State v. Yeager, 9th Dist. Nos. 21091, 21112, 21120, 2003-Ohio-1808, appeal denied, 101 Ohio St.3d 1422, 2004-Ohio-123.
 {¶ 4} While appellant's direct appeal of his first trial was pending, a second trial was held on the charge of intimidation of a victim or witness, in violation of R.C. 2921.04(B), as contained in counts thirty and thirty-one of supplements six and seven to the indictment; and the charge of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32 (A)(1), as contained in count sixteen of supplement two to the indictment. On March 12, 2003, the jury returned a verdict of guilty on all counts. Appellant was sentenced accordingly.
 {¶ 5} Appellant timely appealed his convictions of engaging in a pattern of corrupt activity and intimidation, setting forth nine assignments of error. The assignments of error have been rearranged to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN FAILING TO SECURE A VALID WAIVER OF THE DEFENDANT'S RIGHT TO COUNSEL AND FAILED TO PROPERLY ADVISE HIM OF HIS RIGHT TO COUNSEL, THEREBY DENYING HIM HIS RIGHT TO COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND HIS RIGHT TO DUE PROCESS OF LAW."
 {¶ 6} In his first assignment of error, appellant contends that the trial court deprived him of his constitutional right to counsel by accepting his waiver without ascertaining whether it was knowingly, intelligently, and voluntarily made. I disagree.
 {¶ 7} "The Sixth Amendment, as made applicable to the states by theFourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." State v.Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus, citingFaretta v. California (1975), 422 U.S. 806, 45 L.Ed.2d 562. However, "[c]ourts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel." (Citations omitted.) State v. Dyer (1996),117 Ohio App.3d 92, 95. Accordingly, "a valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver." State v. Martin ("Martin I"), 8th Dist. No. 80198, 2003-Ohio-1499, at ¶ 8, citing Dyer,117 Ohio App.3d at 95. "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." Gibson, 45 Ohio St.2d at paragraph two of the syllabus.
 {¶ 8} In determining the adequacy of the trial court's inquiry in the context of a defendant's waiver of counsel, this Court reviews the totality of the circumstances. State v. Ragle, 9th Dist. No. 22137, 2005-Ohio-590, at ¶ 12. In assuring that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should advise the defendant of the dangers and disadvantages of self representation. See Gibson, 45 Ohio St.2d at 377. See, also, Faretta, 422 U.S. at 835;State v. Weiss (1993), 92 Ohio App.3d 681, 686. While no one factor is determinative, the trial court should advise the defendant of the nature of the charges and the range of allowable punishments, and, in addition, advise the defendant of the possible defenses to the charges and applicable mitigating circumstances. See Gibson, 45 Ohio St.2d at 377, citing Von Moltke v. Gillies (1948), 332 U.S. 708, 723, 92 L.Ed. 309. However, this Court has held that the trial court's discussion of possible defenses and mitigating circumstances need not be fact specific.State v. Trikilis, 9th Dist. Nos. 04CA0096-M 04CA0097-M, 2005-Ohio-4266, at ¶ 13, citing Ragle at ¶ 12. "[A] broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient." Trikilis at ¶ 13. In addition, a court may consider various other factors, including the defendant's age, education, and legal experience in determining that a waiver of counsel is made knowingly, voluntarily, and intelligently. Id., citing State v. Doane (1990),69 Ohio App.3d 638, 647.
 {¶ 9} Additionally, Crim.R. 44(C) requires that the trial court obtain a signed, written waiver by the defendant in "serious offense cases." A "serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). While a signed waiver is the preferred practice, the absence of a waiver is harmless error if the trial court has substantially complied with Crim.R. 44(A). State v. Martin ("Martin
II"), 103 Ohio St.3d 385, 2004-Ohio-5471, at ¶ 39.
 {¶ 10} In the present matter, appellant filed a pro se motion captioned "MOTION TO PROCEED PRO SE SELF-REPRESENTATION" with the trial court on June 3, 2002, invoking his right to self-representation. After reviewing appellant's June 3, 2002 motion, I find that appellant's motion sufficiently complied with Crim.R. 44(C) to constitute a valid written waiver. Consequently, I would overrule appellant's first assignment of error.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO GRANT APPELLANT'S MOTION FOR SEVERANCE OF COUNTS HEREIN FOR TRIAL PURPOSES, IN VIOLATION OF APPELLANT'S RIGHTS AS GUARANTEED TO HIM BY THE FIFTH, SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 11} In his second assignment of error, appellant argues that the trial court should have severed the engaging in corrupt activity count from the counts regarding the intimidation of a witness. This Court disagrees.
 {¶ 12} Crim.R. 8(A) provides that joinder of offenses is proper if the offenses "are based on the same act or transaction." However, "[i]f it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment, * * * the court shall order an election or separate trial of counts, * * * or provide such other relief as justice requires." Crim.R. 14. In order to prevail on a claim that the trial court erred in denying a motion to sever charges for separate trials, an appellant "must affirmatively demonstrate that his rights will be prejudiced by the joinder." State v. Brown (Aug. 19, 1998), 9th Dist. No. 18591, quotingState v. Miller (1995), 105 Ohio App.3d 679, 691. See, also, Statev. Torres (1981), 66 Ohio St.2d 340, syllabus. A reviewing court will not reverse a trial court's ruling on a motion for severance absent an abuse of discretion. Id.
 {¶ 13} In the present case, appellant simply states that the trial court "committed prejudicial error." However, appellant does not attempt to demonstrate how his rights were prejudiced by the trial court's denial of his motion to sever. See Brown. Therefore, appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S REQUEST TO PROHIBIT THE TESTIMONY OF AN UNDISCLOSED EXPERT WITNESS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 9, 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."
 SEVENTH ASSIGNMENT OF ERROR
"APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL IN ACCORDANCE WITH THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE STATE INTRODUCED LETTERS IN THIS CASE WITHOUT ANY EVIDENTIARY FOUNDATION."
 EIGHTH ASSIGNMENT OF ERROR
"APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE STATE FAILED TO PROVIDE FULL DISCOVERY TO HIM."
 {¶ 14} Appellant's third, seventh, and eighth assignments of error involve the admission into evidence of letters that appellant allegedly sent to individuals who were to testify against him at his first trial and the admission of testimony regarding the authorship of those letters. In his third assignment of error, appellant argues that the trial court erred by admitting the testimony of Detective Greg Williams, a handwriting analysis detective for the Akron Police Department.
 {¶ 15} It is well-established that the admission or exclusion of relevant evidence rests within the sound discretion of the trial court.State v. Robb (2000), 88 Ohio St.3d 59, 69, quoting State v. Sage
(1987), 31 Ohio St.3d 173. Absent an abuse of discretion, as well as a showing that the opposing party has suffered material prejudice, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. See State v. Martin (1985), 19 Ohio St.3d 122,129.
 {¶ 16} Appellant objected to Detective Williams' testimony, stating that he was not made aware that the State intended to call Detective Williams as a witness. Assuming without deciding that the trial court erred in admitting Detective Williams' testimony, this Court finds any error to be harmless. The testimony of those who received the letters provides evidence of their authorship. Furthermore, appellant has failed to show that he was prejudiced by the admission of Detective Williams' testimony.
 {¶ 17} In his seventh assignment of error, appellant argues that the trial court erred in allowing the admission of two letters allegedly received from appellant by two witnesses who were going to testify against him. Appellant also argues that the trial court should not have admitted into evidence a letter received by Marsha Starks. Appellant's argument lacks merit.
 {¶ 18} Evid.R. 901(A) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
 {¶ 19} The first letter that appellant argues should not have been admitted was a letter addressed to "Meech" from Gary Yeager. Chris Freeman, a social worker at Indian River Juvenile Correctional Facility ("Indian River"), testified on behalf of the State regarding this letter. Mr. Freeman testified that he was Demetrius Yeager's social worker. Mr. Freeman testified that Demetrius came to him regarding a letter he received in September 2002. Mr. Freeman stated that Demetrius was distraught and upset when he came to see him. Mr. Freeman testified that the letter Demetrius came to see him about was addressed to "Meech," Demetrius' nickname. Mr. Freeman testified that the envelope was addressed to "Demetrius Yeager." Before reading the letter to the jury, Mr. Freeman identified the letter presented to him by the prosecution as the letter he read that was sent to Demetrius. Mr. Freeman further testified that, after reading the letter, he wrote out a statement, had Demetrius write out a statement, and turned the letter over to the State Highway Patrol.
 {¶ 20} Appellant also argues that the trial court erred in permitting the introduction of a letter to Wilfredo Caraballo regarding the intimidation of a witness charges. Jeffrey James, an attorney for Wilfredo Caraballo, testified on behalf of the State regarding a letter that Mr. Caraballo received. Attorney James testified that he represented Mr. Caraballo on the charge of engaging in a pattern of corrupt activity. Attorney James testified that he received several letters from Mr. Caraballo. Attorney James testified regarding one particular letter he received from Mr. Caraballo which was dated March 15, 2002. After identifying the letter as being the one that Mr. Caraballo handed to him, Attorney James read the letter to the jury.
 {¶ 21} Wilfredo Caraballo also testified regarding the letter he allegedly received from appellant. Mr. Caraballo testified that he was charged with and pled guilty to engaging in a pattern of corrupt activity. Mr. Caraballo testified that he received a letter from appellant when he was in the Summit County jail.
 {¶ 22} Appellant also assigns as error the admission of a letter that Attorney James received from Marsha Starks, the grandmother of Mr. Caraballo's girlfriend. Attorney James testified regarding this letter. Before reading the letter to the jury, Attorney James identified it as the letter that Ms. Starks gave him. Given the fact that Ms. Starks was in no way a part of the case leading to this appeal, this Court finds that the trial court abused its discretion in admitting the letter sent to Ms. Starks and permitting Attorney James to testify regarding the same. However, this Court finds that any admission of evidence regarding the letter sent to Ms. Starks was harmless error. Without the letter sent to Ms. Starks, the remaining evidence regarding the intimidation of a witness charges is sufficient to affirm appellant's conviction.
 {¶ 23} In his eighth assignment of error, appellant argues that the State failed to provide him with full discovery by not making him aware of its intent to call Greg Williams as a witness.
 {¶ 24} Given this Court's determination that the admission of Detective Williams' testimony was harmless error, this Court finds that the State's failure to make appellant aware that it intended to call Detective Williams as a witness was also harmless error.
 {¶ 25} Appellant's third, seventh, and eighth assignments of error are overruled.
 FOURTH ASSIGNMENT OF ERROR
"APPELLANT WAS DENIED HIS RIGHT TO FAIR TRIAL AND DUE PROCESS OF LAW THROUGH THE TESTIMONY OF AN IRRELEVANT WITNESS IN VIOLATION OF THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 26} In appellant's fourth assignment of error, he argues that the trial court erred in permitting Matthew Murphy to testify on behalf of the State. A review of the record indicates that appellant did not object at trial to Mr. Murphy's testimony. Because appellant failed to object to the admission of such testimony before the trial court, he has waived his right to raise the issue on appeal. State v. Widman (May 16, 2001), 9th Dist. No. 00CA007681, citing Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210. Therefore, this Court need not address the merits of this argument, because appellant's argument is deemed to have been waived.
 FIFTH ASSIGNMENT OF ERROR
"APPELLANT WAS DENIED HIS RIGHT PURSUANT TO UNITED STATES AND OHIO CONSTITUTIONS TO DUE PROCESS OF LAW AND A FAIR TRIAL WHEN THE PROSECUTION INTRODUCED EVIDENCE OF OTHER ACTS."
 SIXTH ASSIGNMENT OF ERROR
"APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL WHEN THE PROSECUTOR INTRODUCED APPELLANT'S CONVICTIONS OF THE OTHER ACTS EVIDENCE IN VIOLATION OF HIS [Sic.] FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 27} In his fifth and sixth assignments of error, appellant challenges the trial court's admission into evidence of other acts and convictions of the other acts evidence. For the reasons that follow, this Court finds that appellant's arguments lack merit.
 {¶ 28} As a preliminary matter, this Court notes that appellant argues that the State was required to file a notice of intent to use similar acts evidence. However, this Court has held that Evid.R. 404(B) does not require advance notice of such evidence. State v. Warner (Dec. 1, 1999), 9th Dist. No. 19175. Additionally, appellant had notice that the State intended to introduce the testimony of Detective Vince Felber and Officer Patrick Andrejacak and had an opportunity to cross-examine each of them. Accordingly, the trial court did not err in admitting the testimony. Id.
 {¶ 29} A trial court possesses broad discretion with respect to the admission of evidence. State v. Ditzler (Mar. 28, 2001), 9th Dist. No. 00CA007604, citing State v. Maurer (1984), 15 Ohio St.3d 239, 265. An appellate court will not overturn the decision of a trial court regarding the admission or exclusion of evidence absent a clear abuse of discretion that has materially prejudiced the defendant. Ditzler, supra; see, also,State v. Ali (Sept. 9, 1998), 9th Dist. No. 18841. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 30} The Supreme Court of Ohio has articulated two requirements for the admission of other acts evidence. First, substantial evidence must prove that the other acts were committed by the defendant as opposed to another person. Id. Second, the other acts evidence must fall within one of the theories of admissibility enumerated in Evid.R. 404(B). State v.Lowe (1994), 69 Ohio St.3d 527, 530, citing State v. Broom (1988),40 Ohio St.3d 277, 282-283.
 {¶ 31} Evid. R. 404(B) provides that evidence of prior criminal acts completely independent of the crime for which a defendant is being tried may be admissible for purposes other than proving the conformity of an accused with a certain character trait during the incident in question. Specifically, Evid.R. 404(B) provides the following:
"Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes,such as proof of motive, opportunity, intent, preparation, plan,knowledge, identity, or absence of mistake or accident." (Emphasis added.)
 {¶ 32} Proof of one of the purposes set forth in Evid.R. 404(B) must go to an issue which is material in proving the defendant's guilt for the crime at issue. State v. DePina (1984), 21 Ohio App. 3d 91, 92, citing State v. Burson (1974), 38 Ohio St.2d 157, 158.
 {¶ 33} The Supreme Court of Ohio has held that evidence of other acts may be admitted into evidence when the evidence of other acts establishes a modus operandi, a "unique, identifiable plan of criminal activity[,]" that is applicable to the crime with which defendant is charged. Statev. Lowe (1994), 69 Ohio St.3d 527, 531, quoting State v. Jamison (1990),49 Ohio St.3d 182, syllabus. A certain modus operandi provides a "behavioral fingerprint which, when compared to the behavioral fingerprints associated with the crime in question, can be used to identify the defendant as the perpetrator." Lowe, 69 Ohio St.3d at 531.
 {¶ 34} Appellant first argues that the testimony of Lamar McDuffy as to appellant's involvement with drugs should not have been admitted. However, a review of the record shows that appellant failed to object to the admission of such testimony before the trial court. Consequently, appellant has waived his right to raise the issue on appeal. Widman.
Therefore, appellant's argument with regard to Mr. McDuffy is deemed to have been waived.
 {¶ 35} In the present case, the evidence of appellant's breaking and enterings and corresponding convictions satisfy the Supreme Court's two-prong test governing other acts evidence. See Broom,40 Ohio St.3d at 282-83. First, the admittance into evidence of certified copies of the journal entries indicating appellant's prior conviction for a similar act, substantially proves that the other incident was committed by appellant. See id. As to the second prong, the prior acts prove a modus operandi applicable to appellant. See Lowe, 69 Ohio St.3d at 531; see, also, R.C. 2945.59 and Evid.R. 404(B).
 {¶ 36} In its case-in-chief, the State presented evidence of appellant's involvement in similar acts, through the testimony of police officers involved in each respective case. Detective Vince Felber of the Akron Police Department testified that appellant was charged and convicted of breaking and entering as the result of an investigation he was involved in regarding multiple businesses in Summit County. Officer Patrick Andrejacak of the Cleveland Police department also testified on behalf of the State. Officer Andrejacak testified that in 1977, he investigated a break-in at a Revco Drug Store in Cleveland. Officer Andrejacak stated that a van was driven through the front of the store, and that cigarettes were stolen. Officer Andrejacak further testified that a person named Marvin Bailey was convicted of driving the van through the front of the Revco store and stealing the cigarettes. Officer Andrejacak identified appellant as the person he knew as Marvin Bailey. The other acts referenced in the testimony of Detective Felber and Officer Andrejacak show a "unique, identifiable plan of criminal activity" that is applicable to the crimes with which defendant was charged in the present matter.
 {¶ 37} In support of his sixth assignment of error, appellant argues that, pursuant to Evid.R. 609, the use of evidence of a prior conviction of the accused, other than for the purpose of attacking the credibility of a witness, is prohibited. However, appellant's application of Evid.R. 609 to the facts of this case is improper. Evid.R. 609 provides, that, when attacking the credibility of a witness, certain prior convictions of the accused or a witness may be introduced into evidence, subject to certain limitations as set forth in that rule. In the case sub judice, evidence of these prior convictions was introduced on direct examination, and not in the process of impeaching these witnesses. As discussed supra in our analysis of appellant's fifth assignment of error, evidence of the prior crimes was offered as evidence of prior breaking and enterings performed by appellant in accordance with Evid.R. 404(B). See Evid.R. 404(B) and R.C. 2945.59. Thus, Evid.R. 609 has no application to appellant's argument in support of his sixth assignment of error.
 {¶ 38} Appellant's fifth and sixth assignments of error are overruled.
 NINTH ASSIGNMENT OF ERROR
"THE CONVICTIONS OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BECAUSE THE EVIDENCE SUPPORTING THEM WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CONVICTION BEYOND A REASONABLE DOUBT IN VIOLATION OF THE UNITED STATES CONSTITUTION."
 {¶ 39} In his ninth assignment of error, appellant argues that his engaging in a pattern of corrupt activity and intimidation of a witness convictions were against the manifest weight of the evidence and based on insufficient evidence. This Court disagrees.
 {¶ 40} Sufficiency and manifest weight of the evidence are legally distinct issues. State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 22, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600.
 {¶ 41} A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law. Thompkins,78 Ohio St.3d at 386. In reviewing a challenge to the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Clemons (1998), 82 Ohio St.3d 438,444, citing Jenks, 61 Ohio St.3d at 273.
 {¶ 42} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Gulley, supra, citing Thompkins, 78 Ohio St.3d at 390. (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This Court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. Sykes Constr. Co. v. Martell (Feb. 21, 1992), 9th Dist. Nos. 15034 and 15038.
 {¶ 43} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) Statev. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. CuyahogaFalls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735.
 {¶ 44} Appellant was convicted of engaging in a pattern of corrupt activity in violation of R.C. 2923.32 (A)(1), which provides: "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."
 {¶ 45} Demetrius Yeager, appellant's nephew, testified on behalf of the State. Demetrius testified that he was involved in one or two break-ins with appellant. Specifically, Demetrius stated that he broke into a Citgo located in Akron with appellant. Demetrius testified that in order to get into the stores, someone would back a car into the store or they would use a brick.
 {¶ 46} Wilfredo Caraballo also testified on behalf of the State. Mr. Caraballo described in great detail what would happen when he would do a break-in with appellant. Mr. Caraballo testified that appellant would come from Cleveland, check out a couple of places, then come to get him around two o'clock in the morning. Mr. Caraballo stated that everyone would dress up so they wouldn't be recognized on tape or by someone. Mr. Caraballo said that they would usually break into a gas station or market. Mr. Caraballo testified that the group would use a stolen car to break into the store by running into them or they would use a brick. Mr. Caraballo stated that generally cigarettes were taken in the break-ins. When questioned regarding the number of break-ins he participated in with appellant, Mr. Caraballo responded: "I did a lot with [appellant]. I did a lot break-ins." Mr. Caraballo further testified that he received money from appellant for participating in the break-ins.
 {¶ 47} Appellant was also convicted of intimidation of a crime victim, a violation of R.C. 2921.04(B), which states:
"No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
 {¶ 48} As was discussed in appellant's seventh assignment of error, Detective Williams, Chris Freeman, Attorney Jeff James, Wilfredo Caraballo, and Demetrius Yeager testified regarding the letters that Mr. Caraballo and Mr. Yeager received from appellant.
 {¶ 49} Mr. Caraballo and Mr. Yeager were scheduled to testify against appellant. Both received their letters before the trial began. Mr. Caraballo testified that he felt threatened by the letter he received. Chris Freeman stated that Demetrius was distraught and upset when he came to see him regarding the letter he received. Detective Williams testified that the letters sent to Mr. Caraballo and Mr. Yeager contained unique characteristics that matched known samples of appellant's handwriting, and gave his expert opinion that it was more probable than not that appellant wrote the letters.
 {¶ 50} Based on the foregoing, this Court cannot find that appellant's convictions were against the manifest weight of the evidence. Furthermore, as previously stated, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." Roberts. Accordingly, having found that appellant's convictions were not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. Appellant's ninth assignment of error is overruled.
 III. {¶ 51} Based upon the opinions of the Court, Appellant's first, second, third, fifth, sixth, seventh, eighth, and ninth assignments of error are overruled. Appellant's fourth assignment of error is deemed waived. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.