[Cite as *State v. Holmes*, 2012-Ohio-565.]

STATE OF OHIO            )                  IN THE COURT OF APPEALS
                            )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | |
|---|---|
| STATE OF OHIO | C.A. No.    25847 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA T. HOLMES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 10 03 0613 |

DECISION AND JOURNAL ENTRY

Dated: February 15, 2012

MOORE, Judge.

{¶1}    Appellant, Joshua T. Holmes, appeals from his conviction in the Summit County Court of Common Pleas.  This Court reverses and remands this matter to the trial court for further proceedings consistent with this opinion.

I.

{¶2}    On February 18, 2010, Holmes and his cousin, Monee Fannin, were involved in an argument in the entryway of a hair salon regarding a previous altercation between Fannin and Holmes' mother.  During the argument between Fannin and Holmes, each individual spat upon the other.  Fannin alleged that after she spat upon Holmes, he struck her on the head with a long object.  As a result of her injuries, Holmes was charged with felonious assault.

{¶3}    Prior to trial, Holmes indicated to the trial court that he wished to represent himself.  The trial court allowed Holmes to proceed pro se with the aid of standby counsel.  The case proceeded to jury trial, and the jury found Holmes not guilty of felonious assault.  However,

the jury found Holmes guilty of the lesser included offense of assault. The trial court sentenced Holmes to six months of incarceration.

{¶4} Holmes timely filed a notice of appeal and presents one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

[HOLMES] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL G[UA]RANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENT[S] TO THE UNITED STATES CONSTITUTION BY THE TRIAL COURT'S FAILURE TO PROPERLY ADVISE [HIM] OF THE DANGERS OF SELF-REPRESENTATION; ACCORDINGLY [HOLMES] DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE HIS RIGHT TO COUNSEL UNDER THE CONSTITUTION AND CRIM.R. 44(C)[.]

{¶5} In his sole assignment of error, Holmes argues that the trial court did not properly warn him of the dangers of self-representation before accepting the waiver of his right to counsel. We agree.

{¶6} "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Trikilis*, 9th Dist. Nos. 04CA0096-M, 04CA0097-M, 2005-Ohio-4266, ¶ 12, quoting *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus. In addition, Crim.R. 44(C) requires that waivers of counsel in "serious offense" cases be in writing. Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶7} "[A] valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver." (Citations omitted.) *Trikilis* at ¶ 12; *see also* Crim.R. 44(C) ("Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22."). In order to effectuate a valid waiver, "the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes th[e] right [to counsel]." *Gibson,* 45 Ohio St.2d at paragraph two of the syllabus. In determining whether the defendant intelligently relinquished his right to counsel, this Court reviews the totality of the circumstances. *State v. Ragle,* 9th Dist. No. 22137, 2005-Ohio-590, ¶ 12. "While no one factor is dispositive, the trial court should consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances." *Trikilis* at ¶ 13. However, the trial court need not "undertake pseudo-legal representation of a defendant by specifically advising him of possible viable defenses or mitigating circumstances," and, instead "a broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient." *Ragle* at ¶ 12; *Trikilis* at ¶ 13.

{¶8} Here, Holmes executed a signed waiver of his right to counsel and waived his right to counsel in court at the November 9, 2010 status hearing. However, he argues that his waiver was not knowingly, voluntarily, or intelligently made. In support, Holmes argues that the trial court failed to advise him of possible defenses, lesser included offenses, and mitigating factors.

{¶9} The State responds that, given the totality of the circumstances, the record indicates that Holmes knowingly, intelligently and voluntarily waived his right to counsel. In

support, Holmes advised the trial court that he had prior experience representing himself in a felony proceeding, and he had some knowledge as to jury selection and Crim.R. 29 motions. Further, the trial court explained that the rules of evidence were complicated, and that he would be bound by those rules. The trial court advised Holmes that he would be prejudiced by his waiver of counsel, and that his defense counsel was more than competent to represent him in this matter. Further, the State asserts that "the trial court engaged Holmes in a broad discussion of possible defenses and mitigating circumstances by inquiring as to Holmes' knowledge of lesser-included offenses and the rules of evidence." In support, the State cites the following exchange from the November 9, 2010 status hearing:

> THE COURT: * * * And I'm just going to tell you, Mr. Holmes, we're going to start with jury selection. We're going to start with jury instructions. What do you know about jury instructions? How are you going to do the legal research necessary to tell me or to disagree with the jury in – what do you know about lesser included offenses? What do you know about a Rule 29 motion? What do you know about those things?

> [HOLMES]: Rule 29 that's – is that a motion to – is that a motion to dismiss? Ohio Revised Code, jury, jury instructions, I – the last case I had involving Akron Police, you know, oh, I won't going [sic] too much detail. Anyway, I was arrested, tased pepper sprayed and those particular officers I went to trial without an attorney. I picked the jury.

**{¶10}** Holmes then explained that, when he previously represented himself, the jury returned not guilty verdicts on all of his charges.

**{¶11}** Although this discussion indicates that Holmes had some knowledge of and experience with the legal system, we cannot discern from this exchange a discussion as to possible defenses and mitigating factors, "not even a broad one as mandated by *Ragle*." *See State v. Smith*, 9th Dist. No. 23006, 2007-Ohio-51, ¶ 9. Our review of the record indicates that the trial court's discussion with Holmes primarily focused upon the rules of evidence, wherein the trial court repeatedly cautioned Holmes that he would be held to the same standards as an

5

attorney in regard to the rules of evidence and would not be permitted to admit evidence contrary to the rules.

**{¶12}** Ultimately, the trial court determined that Holmes' waiver of counsel was valid, and the court appointed defense counsel to serve as standby counsel, reasoning:

> [I]n light of the fact that [Holmes] has apparently tried a case to a not guilty verdict to a felony in the past, he has answered the questions that I have asked him at least * * * sufficiently. We have had two conversations now about this matter. I do know that [defense counsel] has gone over this with him sufficiently, and I am going to accept []Holmes' written waiver of counsel as knowingly, intelligently and competently and voluntarily having been made and find his waiver to counsel is accepted.

**{¶13}** Although the record indicates that defense counsel had reviewed the waiver form with Holmes and had "added a little bit [him]self," there is no indication of what additional aspects of his case Holmes was advised, aside from the charges and maximum penalties associated with each charge. There appears no affirmative demonstration on the record that Holmes was at least broadly advised as to his possible defenses and mitigating circumstances.

**{¶14}** Given the totality of the circumstances, the State has failed to overcome the presumption against a valid waiver. Accordingly, Holmes' assignment of error is sustained, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

### III.

**{¶15}** Holmes' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT


CARR, J.
DICKINSON, J.
CONCUR


APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.