[Cite as *State v. Morrison*, 2012-Ohio-2155.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 11-CA-30 |
| GRANT MORRISON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Cambridge
                             Municipal Court, Case Nos. 11CRB00082
                             and 11TRD000435

JUDGMENT:                    Reversed and Remanded




DATE OF JUDGMENT ENTRY:      May 14, 2012

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

WILLIAM H. FERGUSON               JASON A. MACKE
Law Director                      Assistant Public Defender
City of Cambridge                 250 East Broad Street, Ste. 1400
150 Highland, Ste. 2              Columbus, OH 43215
Cambridge, OH 43725

*Gwin, P.J.*

{¶1} On January 23, 2011, appellant Grant Morrison was charged with a safety belt violation, obstructing official business, and resisting arrest as a result of a traffic stop. Grant's brother Donald Morrison was driving and Grant was in the front passenger seat.[1]

{¶2} Grant was subsequently arraigned and was assigned appointed counsel. Grant discussed the case with his appointed counsel. His appointed counsel determined he could not in good faith advance some of the legal arguments that Grant wanted him to advance. Accordingly, appointed counsel filed a motion to withdraw and proceed as standby counsel. That motion, along with several motions filed pro se by Grant came on for hearing on May 4, 2011.

{¶3} The trial court engaged in a limited colloquy with Grant, explaining that he had a right to appointed counsel, that he had a right to represent himself if he desired, and that he did not have a right to a "hybrid arrangement." On May 4, 2011, Grant represented himself during the trial court's evidentiary hearing on his motion to suppress.

{¶4} On August 3, 2011, the day before the scheduled date set for the jury trial the trial court overruled all of Grant's pro se motions. Donald and Grant's cases were consolidated for trial. Both waived jury trials. Their cases proceeded to a bench trial on August 4, 2011.

---

[1] Donald Morrison has filed a separate appeal in Case No. 11CA000029

{¶5} Grant was convicted of obstructing official business and resisting arrest, both second-degree misdemeanors. He was sentenced to serve a total of twenty days incarceration with seventy days suspended and one year of unsupervised probation[2].

ASSIGNMENTS OF ERROR

{¶6} Grant raises two assignments of error,

{¶7} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY ACCEPTING A WAIVER OF COUNSEL THAT WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY IN VIOLATION OF *STATE V. MARTIN*, 103 OHIO ST.3D 385, 2004-OHIO-5471, 816 N.E.2D 227, AND *FARETTA V. CALIFORNIA*, 422 U.S. 806, 95 S. CT. 2525, 45 L.ED.2D 562 (1975).

{¶8} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY CONVICTING HIM OF OBSTRUCTING OFFICIAL BUSINESS AND RESISTING ARREST BASED UPON INSUFFICIENT EVIDENCE IN VIOLATION OF *STATE V. JENKS*, 61 OHIO ST.3D 259, 574 N.E.2D 492 (1991), AND *JACKSON V. VIRGINIA*, 443 U.S. 307, 99 S.CT. 2781, 61 L.ED.2D 560 (1979)."

ANALYSIS

I.

{¶9} In his first assignment of error, Grant asserts the trial court violated his right to counsel by failing to obtain a valid waiver of counsel and by failing to advise him of the dangers of self-representation. We agree.

---

[2] A Statement of the Facts underlying Grant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in Grant's assignments of error shall be contained therein.

{¶10} The Sixth Amendment to the United States Constitution provides "In all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defense." Similarly, the Ohio Constitution provides, "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel." Ohio Constitution, Article I, Section 10.

{¶11} However, the United States Supreme Court has also recognized that the Sixth Amendment right to the assistance of counsel implicitly embodies a "correlative right to dispense with a lawyer's help." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942). The court clarified this right to proceed without counsel in the landmark case of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562(1975). "Although not stated in the Amendment in so many words, the right to self-representation—to make one's own defense personally—is thus necessarily implied by the structure of the Amendment. The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails." (Footnote omitted.) Id. at 819–820, 95 S.Ct. 2525, 45 L.Ed.2d 562.

{¶12} Likewise, the Ohio Supreme Court has concluded that "a defendant in a state criminal trial has an independent constitutional right of self-representation and * * * may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399(1976), paragraph one of the syllabus, citing *Faretta*.

{¶13} Crim.R. 44 states:

(B) Counsel in petty offenses

Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

(C) Waiver of counsel

Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

{¶14} Crim.R. 22 provides that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded."

{¶15} "At the very least, then, any waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024 ¶ 24.

{¶16} Once the right to counsel is properly waived, trial courts are permitted to appoint standby counsel to assist the otherwise pro se defendant. The U.S. Supreme Court first illustrated the idea of "standby counsel," in a footnote in *Faretta v. California,* "Of course, a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-

representation is necessary." *Faretta,* 422 U.S. at 834, 95 S.Ct. 2525, 45 L.Ed.2d 562, fn. 46. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶28.

**{¶17}** The Ohio Supreme Court has held that "[n]either the United States Constitution, the Ohio Constitution nor case law mandates * * * hybrid representation. See *McKaskle v. Wiggins*, 465 U.S. 168 [104 S.Ct. 944, 79 L.Ed.2d 122 (1984)]. Although appellant has the right either to appear *pro se* or to have counsel, he has no corresponding right to act as co-counsel on his own behalf." *State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407(1987); *State v. Martin, ¶32* (reaffirming this principal).

**{¶18}** As the Ohio Supreme Court held in *State v. Wellman,* 37 Ohio St.2d 162, 309 N.E.2d 915(1974), "[p]resuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver. (*Carnley v. Cochran*, 369 U.S. 506 [82 S.Ct. 884, 8 L.Ed.2d 70], followed.)" Id. at paragraph two of the syllabus.

**{¶19}** In all cases where the right to counsel is waived, the court "must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399(1976), paragraph two of the syllabus. "For a petty offense, voluntary and knowing waiver may be shown through the court's colloquy with the defendant." *Brooke, supra* at ¶ 54.

**{¶20}** In *Gibson* supra, the Ohio Supreme Court held a trial court must provide sufficient warning to the defendant of the seriousness of the trial and the possible results it could have for his liberty and life. The Court stated:

> This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

*Gibson*, supra, at 376-377, citing *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 323(1948).

**{¶21}** In *State v. Martin*, *supra* the Ohio Supreme Court held a defendant must be adequately advised of the perils of self-representation, stating:

> "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the

charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." [*Gibson*] at 377, 74 O.O. 2d 525, 345 N.E. 2d 399, quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309.

* * *

The trial court cautioned Martin at times that it would be best if Martin were represented by counsel ("I would caution you against abandoning your lawyers but that's your choice"). But the court did not adequately explain the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, or other facts essential to a broad understanding of the whole matter, per *Von Moltke*, 332 U.S. at 724, 68 S.Ct. 316, 92 L.Ed. 309, and *Gibson*, 45 Ohio St. 2d at 377, 74 O.O. 2d 525, 345 N.E. 2d 399.

We therefore conclude that Martin was not "made aware of the dangers and disadvantages of self-representation' so that the record established that 'he [knew] what he [was] doing and his choice [was] made with eyes open.' *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525, 45 L.Ed.2d 562, quoting *Adams v. United States ex rel. McCann*, 317 U.S. at 279, 63 S.Ct. 236, 87 L.Ed. 268. If the court had properly complied with these requirements and had clearly advised Martin that he had no right to be "co-counsel" and that his only choices were to proceed pro se or with counsel, Martin may have made a different choice.

*Martin, supra,* ¶40-42.

**{¶22}** In *State v. Bumphus,* 6th Dist. No. E-03-043, 2005-Ohio-536, the Sixth District Court of Appeals, addressed this issue, holding:

To establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right.' *Gibson*, paragraph two of the syllabus. 'To be valid [a defendant's] waiver [of counsel] must be made with an apprehension of the nature of the charges, the statutory offense included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.' *Martin, supra*, at ¶ 40, citing *Gibson, supra*, at 377, 345 N.E. 2d 399 and quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309. 'A judge can make certain that accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all of the circumstances under which such a plea is tendered.' *Von Moltke, supra*, at 724. 'The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461. A sketchy or minimal inquiry touching upon only some of the above-enumerated factors will not

adequately establish an effective waiver of counsel. *State v. McQueen* (1997), 124 Ohio App.3d 444, 447, 706 N.E.2d 423.

*Bumphus,* ¶ 13.

**{¶23}** Similarly, the Ninth District held in *State v. Yeager*, 9th Dist. No. 21510, 2005-Ohio-4932:

However, '[c]ourts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel.' (Citations omitted.) *State v. Dyer* (1996), 117 Ohio App.3d 92, 95, 689 N.E .2d 1034. Accordingly, 'a valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver.' *State v. Martin* ("*Martin I* "), 8th Dist. No. 80198, 2003-Ohio-1499, at ¶ 8, citing *Dyer,* 117 Ohio App.3d at 95, 689 N.E.2d 1034. ' In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right.' *Gibson,* 45 Ohio St.2d at paragraph two of the syllabus.

In determining the adequacy of the trial court's inquiry in the context of a defendant's waiver of counsel, this Court reviews the totality of the circumstances. *State v. Ragle,* 9th Dist. No. 22137, 2005-Ohio-590, at ¶ 12. In assuring that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should advise the defendant of the dangers and disadvantages of self-representation. See *Gibson,* 45 Ohio St. 2d at

377, 345 N.E. 2d 399. See, also, *Faretta,* 422 U .S. at 835; *State v. Weiss* (1993), 92 Ohio App.3d 681, 686, 637 N .E.2d 47. While no one factor is determinative, the trial court should advise the defendant of the nature of the charges and the range of allowable punishments, and, in addition, advise the defendant of the possible defenses to the charges and applicable mitigating circumstances. See *Gibson,* 45 Ohio St. 2d at 377, 345 N.E. 2d 399, citing *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309. However, this Court has held that the trial court's discussion of possible defenses and mitigating circumstances need not be fact specific. *State v. Trikilis*, 9th Dist. Nos. 04CA0096-M & 04CA0097-M, 2005-Ohio-4266, at ¶ 13, citing Ragle at ¶ 12. '[A] broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient.' *Trikilis* at ¶ 13. In addition, a court may consider various other factors, including the defendant's age, education, and legal experience in determining that a waiver of counsel is made knowingly, voluntarily, and intelligently. Id., citing *State v. Doane* (1990), 69 Ohio App.3d 638, 647, 591 N.E.2d 735.

*Yeager,* ¶ 7-8.

**{¶24}** Upon our review of the record, we find no evidence demonstrating that Grant (1) knowingly, intelligently, and voluntarily waived his right to counsel; or (2) that the trial court advised him of the dangers of self-representation in the context of the nature of the charges, the penalties, or potential defenses. As discussed in our analysis of Ohio case law, the trial court should have advised Grant of the nature of the charges

and the range of allowable punishments, and in addition, the possible defenses to the charges and applicable mitigating circumstances, prior to accepting Grant's waiver of counsel.

**{¶25}** Grant's first assignment of error is sustained.

II.

**{¶26}** Based upon our analysis and disposition of Grant's first assignment of error, we find Grant's second assignments of error premature.

CONCLUSION

**{¶27}** Because the trial court did not adequately determine that Grant knowingly, intelligently, and voluntarily waived his right to counsel and failed to adequately warn Grant of the dangers and disadvantages of self-representation, Grant's first assignment of error is sustained.

{¶28} Accordingly, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio is reversed, and the cause remanded to the trial court for further proceedings in accordance with the law and this opinion.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS


WSG:clw 0502

[Cite as *State v. Morrison*, 2012-Ohio-2155.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GRANT MORRISON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-30 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio is reversed, and the cause remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs to appellee.

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JULIE A. EDWARDS