[Cite as *State v. Roland*, 2013-Ohio-1382.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-05-104 |
| | : | O P I N I O N |
| - vs - | | 4/8/2013 |
| | : | |
| ROBIN ROLAND, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. 11CRB01187

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, Robin Roland, appeals his conviction for criminal trespass from the Butler County Area II Court.

{¶ 2}   On December 1, 2011, appellant allegedly entered onto the property of his ex-wife after his ex-wife and minor daughter had told him he was not permitted to do so. Appellant was subsequently charged with criminal trespass, a misdemeanor of the fourth degree in violation of R.C. 2911.21.

{¶ 3} Appellant completed an affidavit of indigency form and was appointed counsel to represent him in a bench trial scheduled for January 11, 2012. At the bench trial, counsel for appellant requested and was granted permission to withdraw from representation based on a breakdown of communication with appellant. The matter then proceeded to trial with appellant representing himself pro se.

{¶ 4} Following multiple continuances in progress during trial, first to January 25, 2011, and then to May 1, 2011, appellant was found guilty of criminal trespass and sentenced to a jail term of 30 days, suspended, and the payment of court costs. Appellant was also ordered to serve a two-year term of community control. Finally, the court ordered that appellant have no contact with his ex-wife or minor daughter.

{¶ 5} Appellant now appeals from that conviction, raising three assignments of error for our review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, AND DENIED APPELLANT HIS RIGHT TO COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE [I] OF THE OHIO CONSTITUTION.

{¶ 8} Within this assignment of error, appellant argues that, "[i]t is prejudicial error for a trial court to require an indigent accused to proceed in a case without counsel where the trial court does not comply with the requirements for finding a knowing, intelligent and voluntary waiver of the fundamental right to counsel."

{¶ 9} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the constitutional right of self-representation when the defendant voluntarily, knowingly, and intelligently elects to waive his right to be represented by an attorney. *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus,

citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975). To establish an effective waiver of counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently waives this right. *Gibson* at paragraph two of the syllabus. While no single definitive test exists in determining whether a defendant voluntarily, knowingly, and intelligently waives his right to an attorney, Ohio courts generally examine whether the totality of the circumstances demonstrate such a waiver. *State v. Doyle*, 12th Dist. No. CA2005-11-020, 2006-Ohio-5373, ¶ 9.

{¶ 10} "Nonetheless, '[t]o discharge this duty in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. * * * To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" *Gibson*, 45 Ohio St.2d at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316 (1948).

{¶ 11} Appellee concedes that a valid waiver of the right to counsel was not obtained from appellant. A review of the record indicates that while appellant agreed to proceed without an attorney, that was done without the trial court properly advising him of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

{¶ 12} In light of the foregoing, having found that the trial court failed to obtain a valid waiver of appellant's right to counsel, appellant's first assignment of error is sustained.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN

ENTERING A GUILTY VERDICT FOR CRIMINAL TRESPASS CONTRARY TO APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 15} Within this assignment of error, appellant argues that "[t]he State of Ohio failed to present sufficient evidence to establish, beyond a reasonable doubt, the essential element of 'lack of privilege.'" Due to double jeopardy considerations, appellant's challenge of the sufficiency of the evidence supporting his conviction is not rendered moot by the granting of a new trial. *State v. Tillman*, 12th Dist. No. CA2003-09-243, 2004-Ohio-6240, ¶ 36.

{¶ 16} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson*, 12th Dist. No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 17} R.C. 2911.21 defines criminal trespass, in pertinent part, as: "(A) No person, without privilege to do so, shall do any of the following: (1) Knowingly enter or remain on the land or premises of another[.]" Privilege is the distinguishing characteristic between unlawful trespass and lawful presence on the land or premises of another. See *State v. Russ*, 12th Dist. No. CA99-07-074, 2000 WL 864989 at 7 (June 26, 2000). Privilege is "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). "Where no privilege exists, entry constitutes trespass." *Russ* at 7, quoting *State v. Lyons*, 18 Ohio St.3d 204, 206 (1985).

{¶ 18} In the present case, appellant argues that there was insufficient evidence to support a conviction because appellee failed to present evidence to prove the element of lack of privilege. In support of his argument, appellant cites the testimony of his ex-wife's current husband that he had given appellant permission to enter the property "a couple of years ago."

{¶ 19} Conversely, there was testimony from appellant's ex-wife and minor daughter that both parties had advised appellant recently that he was not permitted to enter the property. Appellant's ex-wife specifically testified that prior to the alleged incident on December 1, 2011, she had told him as recently as the "first week of November" that he was not allowed to enter her property. Appellant's minor daughter also testified that she had told him not to enter the property "a month or two" before December 1, 2011.

{¶ 20} Based on the testimony of appellant's ex-wife and minor daughter, and viewing that testimony in the light most favorable to the prosecution, we find that there was sufficient evidence for a rational trier of fact to find that appellant lacked privilege to enter the property beyond a reasonable doubt.

{¶ 21} The question of whether appellant believed he had permission to enter the property based on an invitation from ex-wife's current husband "a couple of years ago" is a question of credibility and weight, not a question of sufficiency.

{¶ 22} In light of the foregoing, having found that the evidence was sufficient, if believed, to support a conviction, appellant's second assignment of error is overruled.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING A GUILTY VERDICT FOR CRIMINAL TRESPASS WHERE SAID VERDICT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 25} Having found that appellant was denied the right to counsel and must be

granted a new trial under appellant's first assignment of error, this assignment of error is rendered moot.

{¶ 26} Judgment reversed and cause remanded for a new trial.

M. POWELL, J., concurs.

PIPER, J., concurs separately.

**PIPER, J., concurring separately.**

{¶ 27} I concur with the above opinion in all regards in that the defendant's conviction should be reversed based on the first assignment of error and the case remanded for a new trial. *See State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471; *State v. Bizzell*, 12th Dist. No. CA2006-04-015, 2007-Ohio-2160. I write separately only to expand upon my reasoning.

{¶ 28} I am sympathetic to the trial court's attempts to engage in dialogue with appellant. Appellant's interruptions and responses made any meaningful dialogue extremely difficult. Furthermore, appellant seemed to say different things at different times making the situation even more confusing. However, even in minor offenses the court is still under an obligation to engage in meaningful dialogue with the defendant so as to ascertain the defendant's understanding as to the dangers and disadvantages of self-representation. *State v. Morrison*, 5th Dist. No. 11-CA-29, 2012-Ohio-2154.

{¶ 29} In *State v. Doyle*, 12th Dist. No. CA2005-11-020, 2006-Ohio-5373, we held that the defendant could not show that but for the trial court's failure to properly advise Doyle pursuant to *Gibson* and *Faretta*, Doyle would not have waived his right to counsel and would not have proceeded pro se. However, in *Doyle*, there were pretrial hearings where discussions took place indicating that Doyle was aware of the charges against him, the possible punishment for those charges, as well as the seriousness of the offenses.

Additionally, Doyle demonstrated knowledge of the law and even filed appropriate pro se pretrial motions. However, in the case before us, there is little in the record to demonstrate facts similar to those found in *Doyle*.

{¶ 30} We have consistently written that the dialogue with a defendant who desires to proceed pro se must be extensive. In *Doyle*, we emphasized that the trial court has a responsibility to insure that the defendant knows (a) the nature of the charges against him, (b) the statutory offenses included within those charges, (c) the range of allowable punishments thereunder, and (d) possible defenses to the charges and circumstances that may be in mitigation of the charges. We also stated that the defendant must be advised:

(1) self-representation would be detrimental;

(2) the defendant will be held to the same standards as an attorney;

(3) thus, the defendant must follow all technical rules of substantive, procedural, and evidentiary law;

(4) a defendant's lack of knowledge of evidentiary and procedural rules will not prevent the court from enforcing them;

(5) the defendant's lack of knowledge of these rules may result in waiving review of certain issues on appeal;

(6) if the defendant has any difficulty in presenting his defense and complying with procedural rules, the court cannot and will not assist him in the presentation of his case so that it is done properly;

(7) the prosecution would be represented by an experienced attorney;

(8) the right of self-representation is not a license to abuse the dignity of the courtroom; thus, if there is a disruption of the trial, the right to self-representation can be vacated; and

(9) whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.

{¶ 31} We went on to suggest that a trial court in assessing the defendant's decision-making abilities would be wise to also put on the record whether or not:

    (10)    the defendant suffers from any physical or mental disease or disability;

    (11)    is under the influence of drugs or alcohol; and

    (12)    was forced or was promised anything to waive his right to counsel.

{¶ 32} As the right to counsel is so jealously guarded by established precedent, we have continued to repeat the need for trial courts to investigate scrupulously and thoroughly as needed before permitting a defendant to waive counsel and proceed pro se. *State v. Combs*, 12th Dist. No. CA2011-01-001, 2012-Ohio-682. Precedent on this subject has been specific and articulate so that trial courts may choose to implement a form designed to cover the necessary discussion as courts do with guilty pleas, the waiver of speedy trial, or the waiver of a jury trial. With crowded dockets and individuals infrequently electing to proceed pro se, it becomes easy to lose the degree of thoroughness that is actually required.

{¶ 33} Thus, I agree with our decision today. Appellant's first assignment of error must be considered well-taken and sustained.